# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **ERIN ELAINE NOLTE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:20-cv-00080-M-BP |
| | § | |
| **COMMISSIONER OF SOCIAL SECURITY,** | § | |
| | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Plaintiff's Motion and Incorporated Brief for Attorney Fees Under the Equal Access to Justice Act filed on June 11, 2021, and Defendant's Response to Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act filed the same day. ECF Nos. 22 and 23, respectively. Noting that the Motion is unopposed, and for good cause shown, the undersigned **RECOMMENDS** that Chief United States District Barbara M. G. Lynn **GRANT** the Motion.

The Court finds that Plaintiff, Erin Elaine Nolte, was the prevailing party in this case. The Court further finds, pursuant to 28 U.S.C. § 2412(d)(2)(A), that the appropriate hourly rate at which to award fees in this case is $201.40 per hour for services performed in 2020 and 2021. The Court further finds that Plaintiff is entitled to attorney fees for compensation of 31.65 hours of service performed in 2020 and 2021.

Accordingly, the undersigned **RECOMMENDS** that Defendant be **ORDERED** to pay Plaintiff Erin Elaine Nolte, in care of Martin W. Long, an attorney, attorney fees under the Equal

Access to Justice Act for 31.65 hours of service compensated at a rate of $201.40 per hour for services performed in 2020 and 2021 for a total of $6,374.31.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on November 24, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE